IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR. 8-04 |
| | ) CV 13-1591 |
| BRIAN EUGENE SMITH | ) |

**OPINION AND ORDER**

**SYNOPSIS**

Following a bench trial, Defendant was convicted on two counts of conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846. On September 28, 2009, he was sentenced to a term of 120 months imprisonment, followed by a term of supervised release. The Court of Appeals affirmed his conviction and sentence. Subsequently, Defendant embarked on a prolonged campaign to obtain evidentiary materials, conducted via motions practice and FOIA requests. In the midst of these proceedings, Defendant filed his Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255, which was then stayed at his request pending the outcome of his FOIA proceeding. The stay was eventually lifted, again at Defendant's request, and his Section 2255 arguments are now ripe for review. In assessing Defendant's Motion, I have carefully considered the entire record, including supplemental materials filed on December 17, 2013, all of Defendant's exhibits, and materials that Defendant received leave to file in connection with his Motion to Expand the Record.

Defendant's Section 2255 Motion is grounded in ineffective assistance of counsel. In brief, he avers that counsel was ineffective in several respects, including by failing to properly deal with evidence relating to cellular telephones; failing to properly deal with evidence from the Drug Enforcement Administration ("DEA") laboratory; and failing to object to fabricated

1

government evidence. Also pending are Defendant's Motions for an evidentiary hearing, to issue subpoenas to two law enforcement agencies, and for an order directing the Clerk of Courts to provide him with certain documents. The Government has responded to all pending Motions, and all are ripe for decision.

For the following reasons, after careful consideration of the parties' submissions, Defendant's Motions will be denied.

## OPINION

### I. APPLICABLE STANDARDS

#### a. Section 2255

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962). A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 Fed. Appx. 402 (3d Cir. 2004). Moreover, conclusory allegations in a § 2255 petition "may be disposed of without further investigation by the District Court." United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000). I further note that pro se pleadings are to be construed liberally, and I have so construed Defendant's submissions. See United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007). A district court must "accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." United States v. Booth, 432 F.3d 542, 545-46 (3d Cir. 2005) (citations omitted). However, vague and conclusory allegations contained in a Section 2255 petition may be disposed of without a hearing. Johnson v. United

States, 294 Fed. Appx. 709 (3d Cir.2008). In this case, I have carefully reviewed Defendant's relatively voluminous submissions. In so doing, I find that a hearing is unnecessary, and the amended Motion will be disposed of on the record.

### b. Ineffective Assistance of Counsel

In the context of an ineffective assistance of counsel claim, a court should be "highly deferential" when evaluating an attorney's conduct; there is a "strong presumption" that the attorney's performance was reasonable. Strickland v. Washington, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "It is...only the rare claim of ineffectiveness of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Gray, 878 F. 2d 702, 711 (3d Cir. 1989).

To demonstrate that counsel was ineffective, a defendant must show that counsel's performance fell below "the wide range of professionally competent assistance" and also that the deficient conduct prejudiced defendant. Strickland, 466 U.S. at 687. Counsel's conduct must be assessed according to the facts of the particular case, viewed as of the time of counsel's conduct. Id. at 689. Under the prejudice prong, the pertinent question is "whether there is a reasonable probability that, absent the errors," the result would have been different. Id. at 695; see also Gray, 878 F.2d at 709-13. The prejudice prong of Strickland rests on "whether counsel's deficient performance renders the result of the . . . proceeding fundamentally unfair," or strips the defendant of a "substantive or procedural right to which the law entitles him." Id. at 844.

A court need not consider both prongs of Strickland, if there is an insufficient showing on one or the other. Strickland, 466 U.S. at 697. If a claim fails either prong, it cannot succeed. Id.

## II. DEFENDANT'S MOTIONS

### a. Motion to Vacate

Although Defendant proffers multiple grounds for relief, much of his argument focuses on phone records proffered by the Government. Defendant asserts that counsel should not have stipulated to the admissibility of cumulative records from Sprint, T-Mobile, and Cricket, the latter two relating to Defendant's phones, and the remaining records relating to co-Defendant Hinojosa.[1] Defendant contends that his T-Mobile account was terminated nine months before the conspiracy charged, yet his counsel stipulated that the phone played a role. He further contends that Sprint records demonstrate that no records were found for the period of the conspiracy. Thus, Defendant concludes that his attorney was aware that the evidence at trial was manufactured, and failed to take appropriate action, despite Defendant's requests to do so.

I note, from the outset, that it would be difficult to find that counsel's conduct fell below an objective standard of reasonableness, on any ground proffered by Defendant. "In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Strickland, 466 U.S. at 690-91. Here, "[t]here are multiple strategic and tactical explanations for each of the challenged acts or omissions. Decisions in trial strategy are to be afforded appropriate deference; it is not the Court's role to second-guess such decisions, absent a fundamental defect. Further, counsel is required only 'to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.'" United States v. Pawlowski, 2014 U.S. Dist. LEXIS 66607 (W.D. Pa. May 15, 2014). I have scrutinized each of Defendant's contentions against the strong presumption of reasonableness applicable in this context. Indeed, Defendant does not point to any circumstance that would or should have raised

---

[1] Defendant also suggests that the Court of Appeals erred in its determination not to take judicial notice of the records that he submitted. I am without authority to address decisions of the Court of Appeals.

counsel's suspicions regarding the validity of any of the phone records, or other evidence, at issue. In light of the evidence presented at the bench trial, and the entire record, I find that counsel's challenged decisions did not fall below applicable standards.

However, even assuming arguendo that counsel was ineffective in addressing the phone records, Defendant cannot overcome Strickland's second prong. As the Court of Appeals recited when affirming Defendant's conviction and sentence, the evidence at trial showed that Defendant Juan Hinojosa admitted that he was transporting cocaine to Defendant in Pittsburgh. He agreed to participate in a controlled delivery. Hinojosa telephoned Defendant en route to the delivery site, and the men discussed money owed from a previous delivery. When the two met, Defendant went to the trunk of Hinojosa's car, removed the cocaine, concealed it in his jacket, and returned to his own car. He was arrested while attempting to hide the drugs in his vehicle. Recordings of telephone conversations between the co-Defendants were admitted into evidence at trial. Relevant to the phone records, our appellate court has already stated, "apart from…recorded statements, there was overwhelming evidence concerning Smith's agreement and participation with Hinojosa in drug trafficking…" The Court of Appeals noted the "substantial evidence of his guilt presented at trial," and rejected his contention that he was convicted upon insufficient evidence. Moreover, certain of the telephone records to which Defendant refers were not ultimately admitted at trial, and thus could not have been prejudicial. Finally, because this was a bench trial, the dangers of prejudice resulting from the admission of evidence is minimal or absent. In sum, there is no reasonable probability that, absent the alleged errors, the result at trial would have been different.

Additionally, the Government has demonstrated that other records were purged or nonexistent at the time that Defendant attempted to obtain them. The fact that Defendant was

unable to obtain the records, therefore, does not buttress his allegation that the records were manufactured, or that counsel should have investigated the records further. Thus, even if I were to take judicial notice of the records that Defendant now submits, those records are not dispositive of his contentions. Moreover, Defendant does not demonstrate that the Government's proffered records would have been inadmissible at trial had counsel not stipulated to their admission. In other words, "[n]either Defendant nor the record before this Court shows that, absent counsel's stipulations, the complained-of evidence would not have been admitted into evidence, and Defendant fails to establish that, but for counsel's deficient performance, there is a reasonable probability that he would not have been found guilty." United States v. Nunez-Rodriguez, 2012 U.S. Dist. LEXIS 114163, at *13 (S.D. Tex. Aug. 14, 2012).

Finally, Defendant suggests that counsel was ineffective for failing to object to or investigate various instances of alleged prosecutorial misconduct, such as fabricating evidence or knowingly presenting false evidence, and for failing to object to or investigate such evidence. This contention encompasses his direct challenge to the allegedly fabricated evidence. The allegedly fabricated evidence includes Drug Enforcement Administration ("DEA") laboratory reports, CD and DVD evidence, along with the telephone records. Defendant suggests that because counsel did not take various actions to expose the misconduct – such as further investigation or obtaining testimony from DEA lab personnel – he was constitutionally deficient. To prevail on a section 2255 motion based upon prosecutorial misconduct, the defendant must demonstrate that the misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Darden v. Wainwright, 477 U.S. 168, 181, 106 S. Ct. 2464, 91 L. Ed. 2d 144 (1986). Further, absent facts or evidence that material was fabricated,

6

conclusory assertions are insufficient. Cf., e.g., Ferguson v. United States, 2012 U.S. Dist. LEXIS 157341 (W.D. Pa. Nov. 2, 2012).

The Government's Brief counters each one of Defendant's unsupported contentions, and Defendant has not proffered any support for his assertion that the Government knowingly procured, created, or used false or fabricated evidence, or otherwise violated rules of professional conduct. For example, the Government has submitted a certification from the forensic chemist involved in the case, indicating that he accidentally misdated the report, but later corrected the date; it also clarifies that Defendant's contentions regarding the amount of drugs involved refer to only one exhibit totaling 4.9 kilograms, and not the net weight of both exhibits involved in this case. The Government further explains the use of "sham" cocaine during the controlled delivery at issue, as well as the chemist's analytical process, which alter the appearance of the cocaine seized. Defendant's conclusory assertions of misconduct are insufficient in this context. There is simply no suggestion in the record that the Government knowingly fabricated, produced, or proffered false evidence, or that counsel's performance was deficient in dealing with such evidence.[2] Moreover, given the evidence at trial to which Defendant does not now object – including the testimony of co-Defendant Hinojosa and evidence of the controlled delivery – Defendant cannot demonstrate the requisite prejudice resulting from the challenged evidence. Accordingly, Defendant is not entitled to relief on these grounds.

### b. Motion re: Clerk of Court's Provision of Documents

Defendant's Motion for an order directing the clerk to provide him with certain documents must be denied. A review of the docket reveals that the documents requested, such

---

[2] Additionally, several of the issues that Defendant now raises, including discovery issues and those related to the purported "pole camera" video, have been addressed in prior Orders. Rather than again reciting the pertinent issues, I note that those contentions simply cannot sustain a Strickland claim or other claim for Section 2255 relief. See, e.g., March 5, 2015 Order.

7

as attorney files and work product, or his co-Defendant's debriefings while in Indiana, are not of record in this matter; thus, the clerk has no access to those documents. I will, therefore, consider Defendant's Motion as one for discovery from the Government and various non-parties pursuant to Rule 6 of Rules Governing Section 2255 Proceedings. Pursuant to that Rule, a judge may, for "good cause," permit discovery in a Section 2255 matter. Further, the Rule requires that "[a] party requesting discovery must provide reasons for the request." Defendant has not demonstrated "good cause" for his requests. In addition, the Government has indicated that it is not in possession of several of the documents, and this Court does not have the jurisdiction to order the production of documents that might or might not be in the hands of non-parties to this action. In sum, the Motion will be denied.

   c. **Motions for Subpoenas and Evidentiary Hearing**

Defendant contends, essentially, that the lack of certified records of the Richmond Indian police department and the Wayne County Sheriff's Department, if assessed at a hearing, would demonstrate that the date of arrest was falsified. However, even assuming that arrest dates were inaccurately reflected on any document, Defendant fails to demonstrate that accurate dates would have impacted the outcome of the proceedings. Further, Defendant contends that exculpatory, "new" evidence exists, and has been withheld from the Government. His conclusory assertions, however, do not explain how the allegedly withheld or exculpatory evidence would have changed the outcome of his proceeding. As discussed infra, the Government presented substantial evidence against Defendant, other than the evidence that he now challenges. He has not now demonstrated good cause for the issuance of subpoenas, or that an evidentiary hearing is necessary based on such subpoenas. Moreover, he has not demonstrated, on this ground, prejudice within the meaning of Strickland.

8

### III. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C.§ 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." For the reasons stated above, Defendant has not made such a showing. Therefore, a certificate of appealability will not issue.

### CONCLUSION

Defendant's frustration is apparent, but I assure him that I have carefully scrutinized the record for suggestions of prosecutorial misconduct or impropriety, and other fundamental flaws in his representation or in the fairness of this proceeding generally. According to the standards that I am bound by law to apply, I have found none. Therefore, his Motion must be denied. No certificate of appealability shall issue. An appropriate Order follows.

### ORDER

AND NOW, this 5th day of May, 2016, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Vacate [229] is DENIED. No certificate of appealability shall issue. Further, Defendant's Motion for Evidentiary Hearing and Motion to Issue Subpoenas, as well as his Motion for an Order Directing Clerk of Court [262, 263, 277] are DENIED.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court